## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **CAMERON PADGETT,** | Case No. 2:17-cv-919 |
| Plaintiff, | Hon. |
| v. | Mag. |
| **BOARD OF TRUSTEES OF THE OHIO STATE UNIVERSITY,** In their official capacities as agents of the Ohio State University, | |
| and | |
| **MICHAEL V. DRAKE,** In his personal and official capacities as president of the Ohio State University, | |
| and | |
| **WHITNEY RULE,** In her personal and official capacities as an agent of the Ohio State University, | |
| Defendants. | |

**BRISTOW LAW, PLLC**
By:  Kyle Bristow (#0089543)
P.O. Box 381164
Clinton Twp., MI 48038
(P):  (248) 838-9934
(E):  BristowLaw@gmail.com
*Attorneys for Cameron Padgett*

---

## PLAINTIFF CAMERON PADGETT'S VERIFIED COMPLAINT
## (JURY DEMAND ENDORSED HEREON)

---

NOW COMES Cameron Padgett ("Plaintiff"), by and through Attorney Kyle Bristow, and

hereby propounds upon Board of Trustees of The Ohio State University ("OSU Trustees"),

Michael V. Drake ("Drake"), and Whitney Rule ("Rule") (OSU Trustees, Drake, and Rule collectively "Defendants"), and this Honorable Court Plaintiff Cameron Padgett's Verified Complaint:

## I. INTRODUCTION

1.  Plaintiff sues Defendants—by invoking 42 U.S.C. § 1983—for Defendants having wantonly violated Plaintiff's right to free speech as guaranteed by the First and Fourteenth Amendments to the United States Constitution by refusing to permit Plaintiff to rent a publicly available room to host Richard Spencer ("Spencer") of the National Policy Institute ("NPI") as a speaker on the campus of The Ohio State University ("OSU").

## II. PARTIES

2.  Plaintiff is an adult natural person, a citizen by birth of the United States of America, and a domiciliary of the State of Georgia.

3.  OSU is a public university principally located in City of Columbus, Franklin County, State of Ohio.  OSU is organized under the laws of the State of Ohio pursuant to R.C. §§ 3335.01, *et seq*.

4.  OSU Trustees is the governing body of OSU.  The OSU Trustees are sued in their official capacities as agents of OSU.  At all times relevant to the instant controversy, OSU Trustees acted under the color of state law.

5.  Drake is the president of OSU and is ultimately responsible for all policies enacted and enforced at OSU—including the deprivation Plaintiff's constitutional rights challenged herein. Drake is sued in his personal and official capacities as an agent of OSU.  At all times relevant to the instant controversy, Drake acted under the color of state law.

6.   Rule is the event planning coordinator of the Ohio Union at OSU and is sued in her personal and official capacities as an agent of OSU.  At all times relevant to the instant controversy, Rule acted under the color of state law.

## III.  JURISDICTION AND VENUE

7.   This Court enjoys subject matter jurisdiction over the instant civil action because the controversy involves a federal question about Plaintiff's constitutional right to free speech being violated by Defendants.  28 U.S.C. §§ 1331, 1343, 2201; 42 U.S.C. § 1983.

8.   This Court enjoys personal jurisdiction over Defendants because Defendants are subject to the jurisdiction of a court of general jurisdiction within the State of Ohio since Defendants are located in the State of Ohio and Defendants did and caused tortious injury to Plaintiff in the State of Ohio.  Fed. R. Civ. P. 4(k)(1)(A); R.C. § 2307.382(A)(3); R.C. § 2307.385.

9.   Venue is appropriate with this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Court's jurisdictional district.  28 U.S.C. 1391(b)(2).

## IV.  STATEMENT OF FACTS

10. Plaintiff is student at Georgia State University who subscribes to identitarian philosophy. Plaintiff has never been arrested for, charged with, or convicted of a violent crime, and Plaintiff does not advocate criminal conduct.

11. Identitarian philosophy is a Eurocentric political ideology which advocates the preservation of national identity and a return to traditional Western values.

12. Although Plaintiff does not consider himself Alt-Right, Plaintiff is a supporter of Spencer and Plaintiff is organizing a collegiate speaking tour to promote Spencer's political philosophy.

13. Alt-Right—an abbreviation of alternative right—, is a Eurocentric political ideology which advocates the preservation of national identity, a return to traditional Western values, and advances European racial interests. Race-based preferential treatment for non-Europeans (a/k/a affirmative action), non-European immigration to European countries and their former colonies, international free trade agreements, radical feminism, sexual deviancy, and the ideology of multiculturalism are strongly criticized by adherents of Alt-Right philosophy.

14. Spencer is arguably the foremost advocate for Alt-Right philosophy in the world and is rapidly becoming a major figure in contemporary American politics. Spencer graduated from the University of Virginia with a Bachelor of Arts degree, the University of Chicago with a Master of Arts degree, and pursued a Ph.D. in modern European intellectual history at Duke University. Upon information and belief, Spencer has never been arrested for, charged with, or convicted of a violent crime, and Spencer does not advocate criminal conduct.

15. NPI is a think-tank based in City of Alexandria, Commonwealth of Virginia, for which Spencer serves as its figurehead. NPI promotes Alt-Right philosophy through its publications and private and public events. NPI does not advocate criminal conduct.

16. Due to the political viewpoint of Plaintiff, Spencer, and NPI, people who are politically left-of-center find Plaintiff's, Spencer's, and NPI's constitutionally-protected political views to be objectionable. Radical leftists affiliated with the Antifa political movement have previously violently attacked Spencer and Spencer's supporters at venues at which Spencer and Spencer's supporters peacefully assembled with the explicit goal of shutting down Spencer's events.

17. Antifa—an abbreviation of antifascist—is an unincorporated and international collective of communists and anarchists who resort to violence as a matter of practice to try to oppress people of a right-of-center political persuasion. Usually clothed in black and wearing masks to cowardly

4

conceal their identities, Antifa activists routinely show up to politically right-of-center events with baseball bats, knives, sticks, hammers, screw drivers, pepper spray, and other weapons to attack their political opponents.  Antifa activists often throw water balloons filled with urine and other harmful objects at politically right-of-center people without lawful justification.

18. OSU maintains a website at <http://planevents.osu.edu> at which numerous venues on OSU's campus are advertised as being publicly available for rent.  Says the introductory paragraph of said website:

> Discover unique and flexible venues at The Ohio State University!  Ohio State's convenient locations and diverse offerings make it the ideal place for your next meeting, conference, banquet, wedding, or social event.  Let our facilities help create successful events that will inspire and energize your attendees.  We have venues on campus to serve the needs of any size of gathering: from a trade show, convention with overnight rooms, conference or corporate retreat to an outdoor wedding or an intimate private event.  And to make planning the perfect event even easier, our professional event planners are dedicated to helping you each step of the way.

19. Upon information and belief, in or about August of 2017, a man using the name of Gregory Ritter contacted OSU in attempt to rent a room on campus at which Spencer would speak.

20. On September 1, 2017, an electronic mail was sent to <gregoryritter39@gmail.com> from <planevents@osu.edu>:

> Mr. Ritter,
>
> We are writing in response to the National Policy Institute's request to rent space in the coming weeks at The Ohio State University.  After thoroughly assessing space options and resources and after consulting with law enforcement officials, the university determined that it is not possible to accommodate this request without substantial risk to public safety.  Because of the substantial risk and our commitment to the safety of our campus community, the university is denying this request to rent space.
>
> /s/ The Ohio State University

21. Subsequent to the September 1, 2017, electronic mail sent to <gregoryritter39@gmail.com>, Plaintiff called by phone representatives of OSU in attempt to rent a publicly available room on campus at which Plaintiff would host Spencer as a speaker to share with attendees Spencer's Alt-Right philosophy.  Plaintiff was—and is still—prepared to pay for the rental of the room.

22. On September 12, 2017, Plaintiff received an electronic mail from <oustudentmanager@gmail.com> to confirm one of Plaintiff's phone conversations concerning renting a room on OSU's campus:

> 11/8 Performance Hall.  7-9pm.  Up to 500 people.
>
> /s/
> Student Manager
> Ohio Union Event Services
> The Ohio State University
> 1739 N High Street Rm 2008
> 614-292-5200

23. On September 13, 2017, Plaintiff sent an electronic mail to Diana Gerber—the "coordinator of planning and scheduling" per the OSU Office of the President webpage—, at <gerber.134@osu.edu> after Plaintiff felt that OSU's agents began to obstruct Plaintiff's ability to rent a room on OSU's campus:

> Hello,
>
> My name is Cameron Padgett.  A friend of mine tried to reserve space in one of the Universities rooms for a speaker by the name of Richard Spencer.  The event was denied due to safety concerns so I decided to try again based on the time that has went by hoping those safety concerns may have been resolved.  I filled out a request online and sent an email to event planning.  I also spoke with a young man at the union and he sent me an email saying there was space available in November.  He confirmed a date a time and said that the space was fully available.  I have that email documented.  When I told him who the speaker would be he suddenly changed his tone, put me on hold and said that the space may not be available after all.  The 48hr time frame that your website specifies that it will get back to

applicants has expired and still I have heard nothing. I would really appreciate if someone got back to me and let me know what is going on.

Thanks, Cameron Padgett

24. In September of 2017, Plaintiff spoke by phone with Rule about renting a room at the Ohio Union at OSU.

25. On September 25, 2017, Plaintiff sent an electronic mail to <sl-ohiounionevents@osu.edu>:

Hey,

I spoke with Whitney in the OSU Union and she wanted me to specify a certain date. November 15th (Wednesday) from 7-9pm would be a good date. If that date is not available please let me know which date is available. We are pretty flexible.

Thanks, Cameron Padgett.

26. On September 26, 2017, Plaintiff received an electronic mail from <sl-ohiounionevents@osu.edu>:

Mr. Padgett,

Thank you for confirming the information you would like to be considered for a space rental. Please note that the email you previously referenced from an Ohio Union student staff member and this email are intended to document your request, and do not constitute a confirmation or a space reservation for your requested time and date.

We will review your request and be in touch. If you have questions in the interim, please feel free to respond to this email or contact the Ohio Union reservation specialist, Whitney Rule.

Thank you,

Ohio Union Events

27. On October 8, 2017, by and through the undersigned attorney, Plaintiff sent an electronic mail to <sl-ohiounionevents@osu.edu> in which Plaintiff demanded a response as to whether or

not Plaintiff would in fact be permitted to rent a publicly available room on campus at which Plaintiff would host Spencer as a speaker.

28. On October 13, 2017, Defendants, by and through Attorney Christopher Culley—who is OSU's senior vice president and general counsel—, sent an electronic mail to Plaintiff's attorney wherein Defendants stated:

> Mr. Bristow,
>
> I am writing in response to your October 8, 2017 letter.  On September 25, 2017, your client, Cameron Padgett, submitted a request to rent the Ohio Union Performance Hall on November 15, 2017, from 7:00 – 9:00 PM.
>
> The university has reviewed this request and has determined that this request cannot be accommodated without substantial risk to public safety.  However, the university is currently considering other alternatives for Mr. Padgett's request and expects to be in touch by the end of next week regarding whether there may be viable alternatives for Mr. Padgett's consideration.
>
> Sincerely,
> /s/
> Christopher Culley
> Senior Vice President & General Counsel

29. On October 15, 2017, Plaintiff sent an electronic mail to <sl-ohiounionevents@osu.edu> to inquire about the "viable alternatives" that may be available to him to rent a publicly available room on OSU's campus:

> Whitney,
>
> My name is Cameron Padgett.  You reached out to me via phone call close to two weeks ago about renting space for a speaking event involving Richard Spencer.  You asked me specifically a date and time I was seeking to rent space and I verified that through e-mail.  I called you back and you told me that I would hear something within 48hrs.  One of your staffers already verified a date and time that was available.  I had to change that date like we talked about earlier.  There were many dates that were open that would work with us that an employee confirmed.  I am just concerned about not hearing anything back.  Please let me know as soon as possible.  As I said before, I want to rent this space in my own capacity.
>
> Thanks, Cameron

8

30. On October 17, 2017, by and through the undersigned attorney, Plaintiff sent an electronic mail to the assistant of Christopher Culley at <querry.4@osu.edu> in which Plaintiff demanded "an unequivocal and unconditional assertion by Friday, October 20, 2017, at 5:00 p.m., that Spencer will in fact be allowed to speak in a rented room on OSU's campus for a date and time to be determined."

31. On October 20, 2017, Defendants, by and through Attorney Michael H. Carpenter, sent an electronic mail to the undersigned attorney:

> Dear Mr. Bristow:
>
> Please be advised that our office has been retained to represent The Ohio State University (the "University") related to the issues raised in your recent correspondence to Christopher Culley. In particular, Mr. Culley forwarded your October 17, 2017 letter on to our office for response. * * *
>
> The University values freedom of speech. Nonetheless, the University has determined that it is not presently able to accommodate Mr. Padgett's request to rent space at the University due to substantial risk to public safety, as well as material and substantial disruption to the work and discipline of the University. In reaching this determination, the University has considered the information presently available, including, but not limited to, consultation with law enforcement, and yesterday's events at the University of Florida.
>
> Very truly yours,
> /s/
> Michael H. Carpenter

32. Defendants have in fact refused to permit Plaintiff to rent a publicly available room on OSU's campus to exercise Plaintiff's right to free speech at which Plaintiff would host Spencer as a speaker.

33. Defendants' decision to not agree to timely permit Plaintiff to rent a publicly available room on OSU's campus due to violence implicitly or explicitly threatened by Antifa and not by

the speakers of said event constitutes unconstitutional content discrimination in the form of a heckler's veto. See *Bible Believers v. Wayne County*, 805 F.3d 228 (6th Cir. 2015) (en banc).

34. Although Defendants apparently believe Plaintiff's and Spencer's constitutionally-protected political ideas and speech in support thereof to be inflammatory, neither Plaintiff nor Spencer speak in a manner that "is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." See *Brandenburg v. Ohio*, 395 U.S. 444 (1969).

35. Defendants have no reason to believe that Plaintiff or Spencer will in fact engage in and/or advocate offensive criminal misconduct should Spencer be permitted to speak on OSU's campus in a room rented by Plaintiff. In fact, Spencer has spoken at Texas A & M University, Providence College, Auburn University, and the University of Florida without engaging in or advocating violence.

36. Upon information and belief, Defendants find Alt-Right philosophy to be objectionable and are discriminating against Plaintiff therefor.

37. There is currently an alarming trend in the United States of America whereby violent leftists show up to right-of-center political events at public universities and threaten violence in order to shut down said events—which results in *de facto* censorship of right-of-center political viewpoints. Upon information and belief, due to threats of left-wing activists engaging in violence, the University of Berkeley spent approximately $600,000.00 to provide security for Ben Shapiro— a conservative activist who is Jewish—to speak on campus, and the same university spent $800,000.00 to provide security for Milo Yiannopoulos—a conservative activist who is flamboyantly homosexual—to speak on campus. "The Threat to American Liberty Isn't 'Alt-Right'—It's College Students." Medium. 20 October 2017. <https://medium.com/@StyxEinzig/the-threat-to-american-liberty-isnt-alt-right-it-s-college-

students-ca0336175a98>.  Furthermore, in April of 2017, right-of-center political organizations filed suit against officials of the University of Berkeley for preventing them from hosting Ann Coulter—a conservative activist who is also a *New York Times* bestselling author—as a speaker on campus.  The Foundation for Individual Rights in Education reports a disturbing national trend: "Speakers are much more likely to be targeted for disinvitation for holding or expressing viewpoints perceived as conservative by faculty or students."  "Disturbing Report 2014: A Disturbing 15-Year Trend."  Foundation for Individual Rights in Education.  28 May 2014. <https://www.thefire.org/disinvitation-season-report-2014/>.

38. It is undeniably offensive to the First and Fourteenth Amendments to the United States Constitution for Defendants to prohibit Plaintiff from renting a publicly available room on OSU's campus at which Plaintiff would host Spencer as a speaker due to violence threatened by the left-wing adversaries of Plaintiff and Spencer.

39. The instant controversy is virtually identical to *Padgett v. Auburn University*, Case No. 3:17-cv-00231-WKW-WC, at the United States District Court for the Middle District of Alabama. In said case, the same plaintiff as the one of the instant civil action sued a public university for prohibiting Plaintiff from hosting Spencer as a speaker in a rented room to talk about Alt-Right philosophy.  The defendants in that case alleged that Spencer's appearance on the campus of the public university would cause lawless action.  Chief Judge W. Keith Watkins awarded Plaintiff a preliminary injunction so that Spencer could speak in a rented room—the defendants were court-ordered to not only protect Spencer and Spencer's supporters from Antifa via the university's police department, but to de-mask Antifa protesters to dissuade violence—, Spencer peacefully spoke on campus without advocating criminal misconduct, and Plaintiff and the defendants settled the controversy for twenty-nine-thousand-dollars ($29,000.00).  (Exhibit A – *Padgett v. Auburn*

*University* Opinion).  Just like Auburn University, the OSU defendants of the instant civil action must permit Plaintiff to rent a publicly available room for Spencer to speak about Alt-Right philosophy on OSU's campus if the First and Fourteenth Amendments to the United States Constitution are to be respected.

40. Plaintiff is entitled to an award of punitive damages against Defendants because Defendants caused harm to Plaintiff that was malicious, oppressive, and/or in reckless disregard of Plaintiff's rights.

41. Defendants do not enjoy qualified immunity for Defendants' tortious conduct against Plaintiff, because the right of a citizen of the United States of America to speak about controversial political subject matter at a public forum or limited public forum is clearly established constitutional law.

42. The Ohio Legislature has seen fit to criminalize as a misdemeanor of the first degree the act of a governmental official, under color of law, knowingly depriving, conspiring, or attempting to deprive a person of their constitutional rights.  R.C. § 2921.45.  If the Court finds that such criminal conduct occurred on the part of Defendants, the Court can and should refer the matter to the appropriate prosecutor's office so that criminal prosecution can be contemplated.

43. The United States Congress has seen fit to criminalize as a felony the act of two or more persons conspiring to oppress a person in any state in the free exercise of any right secured to him by the United States Constitution.  18 U.S.C. § 241.  If the Court finds that such criminal conduct occurred on the part of Defendants, the Court can and should refer the matter to the appropriate prosecutor's office so that criminal prosecution can be contemplated.

## V.  CAUSES OF ACTION

### COUNT I
### DEFENDANTS VIOLATED PLAINTIFF'S
### FIRST AND FOURTEENTH AMENDMENT RIGHT TO FREE SPEECH
### 42 U.S.C. § 1983

44. The foregoing paragraphs of this Complaint are incorporated by reference as if each is fully set forth herein.

45. Plaintiff is guaranteed the right to free speech pursuant to the First and Fourteenth Amendments to the United States Constitution.

46. Defendants violated Plaintiff's right to free speech by failing to permit Plaintiff to rent a publicly available room to host Spencer as a speaker on the campus of OSU to share with attendees of the planned event Spencer's Alt-Right philosophy.

47. Defendants' decision to fail to permit Plaintiff to rent a publicly available room to host Spencer as a speaker on the campus of OSU to share with attendees of the planned event Spencer's Alt-Right philosophy due to Defendants finding Alt-Right philosophy to be objectionable constitutes unconstitutional viewpoint discrimination.

48. Defendants' decision to not permit Padgett to rent a room at which Spencer would speak due to the threat of violence that Antifa leftists pose constitutes unconstitutional content discrimination in the form of a heckler's veto.  See *Bible Believers*, *supra*.

49. Defendants acted under the color of state law when Defendants prohibited Plaintiff from hosting Spencer in a rented room as a speaker on the campus of OSU.

50. Due directly and proximately to Defendants having violated Plaintiff's right to free speech, Plaintiff has and will continue to suffer injuries.

WHEREFORE, Plaintiff prays that this Honorable Court will enter judgment in Plaintiff's favor against Defendants, jointly and severally, by awarding Plaintiff:  (1) a money judgment in

excess of seventy-five thousand dollars ($75,000.00) for general and punitive damages; (2) the reasonable attorney's fees and costs incurred by Plaintiff to prosecute the instant civil action pursuant to 42 U.S.C. § 1988(b); and (3) any and all further relief that can be awarded by law or equity.

## COUNT II
## DECLARATORY AND INJUNCTIVE RELIEF

51. The foregoing paragraphs of this Complaint are incorporated by reference as if each is fully set forth herein.

52. The Court can and should decree that Defendants violated Plaintiff's right to free speech by prohibiting Plaintiff from renting a publicly available room at which Spencer would lecture about Alt-Right philosophy. See 28 U.S.C. §§ 2201 and 2202.

53. This Court can and should issue preliminary and permanent injunctions against Defendants whereby Defendants are ordered to permit Plaintiff to rent a publicly available room on the campus of OSU for a fee to host Spencer as a speaker without Plaintiff paying for police protection or posting bond or providing insurance for the event and which requires OSU to maintain law and order via the use of law enforcement officers of its police department so as to protect Spencer's right to safely speak in a meaningful manner. See Fed. R. Civ. P. 65; *Bible Believers*, *supra*; *Forsyth County v. Nationalist Movement*, 505 U.S. 123 (1992) (holding that a price-tag cannot be attached to the right to free speech by making controversial speakers pay for police protection due to the threatened violence of their adversaries); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (describing elements for injunctive relief to be awarded).

54. Plaintiff has a likelihood of success on the merits of Plaintiff's claim that Defendants violated Plaintiff's right to free speech.

55. Plaintiff will suffer irreparable harm in the form of Plaintiff's right to free speech being denied to him should the Court not grant Plaintiff injunctive relief.

56. The issuance of an injunction to permit Plaintiff to rent a publicly available room on the campus of OSU for a fee to host Spencer as a speaker without Plaintiff paying for police protection or posting bond or providing insurance for the event and which requires OSU to maintain law and order via the use of law enforcement officers of its police department so as to protect Spencer's right to safely speak in a meaningful manner will not cause Defendants to suffer substantial harm because Defendants are required by constitutional law to do the same anyways.

57. The issuance of an injunction to permit Plaintiff to rent a publicly available room on the campus of OSU for a fee to host Spencer as a speaker without Plaintiff paying for police protection or posting bond or providing insurance for the event and which requires OSU to maintain law and order via the use of law enforcement officers of its police department so as to protect Spencer's right to safely speak in a meaningful manner will serve the public interest because it is in the public's interest for the First and Fourteenth Amendments to the United States Constitution to be honored and not disregarded by governmental actors.

WHEREFORE, Plaintiff prays that this Honorable Court will award Plaintiff declaratory relief by decreeing that Defendants violated Plaintiff's right to free speech and will award Plaintiff preliminary and permanent injunctive relief whereby Defendants are ordered to permit Plaintiff to rent a conference room or lecture hall on the campus of OSU for a fee to host Spencer as a speaker without Plaintiff paying for police protection or posting bond or providing insurance for the event and which requires OSU maintain law and order via the use of law enforcement officers of its police department so as to protect Spencer's right to safely speak in a meaningful manner.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby respectfully demands a trial by jury as to all triable issues of fact in the instant civil action.

Respectfully submitted,

**BRISTOW LAW, PLLC**


/s/ Kyle Bristow
Kyle Bristow, Esq. (#0089543)
P.O. Box 381164
Clinton Twp., MI 48038
(P):  (248) 838-9934
(E):  BristowLaw@gmail.com

Dated:  October 22, 2017                *Attorney for Cameron Padgett*

16

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Cameron Padgett
*Plaintiff*

Executed on October 22, 2017